Sheila NORTON, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 01–2227.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before SILER and MOORE, Circuit Judges; STAFFORD, District Judge.*

### ORDER

Sheila Norton appeals a district court order affirming the Commissioner's denial of her application for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Norton filed an application for supplemental security income benefits alleging that she suffered from scoliosis. Following a hearing, the administrative law judge (ALJ) determined that Norton was not disabled because she could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Norton then filed a complaint seeking judicial review of the Commissioner's decision. Upon de

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

novo review of a magistrate judge's report, the district court granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (1989).

Norton contends that she satisfies § 1.05A of 20 C.F.R., Part 404, Subpart P, Appendix 1. The listing requires x-ray evidence of calcification of the anterior and lateral ligaments; or bilateral ankylosis of the sacroiliac joints with abnormal apophyseal articulations. It is the burden of the claimant at the third step of the sequential evaluation to establish that she meets or equals the listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164–65 (6th Cir.1987).

The testimony of Dr. Gostine, Norton's treating physician, establishes that Norton does not satisfy the criteria of this listing. Dr. Gostine specifically stated that the ankylosis was not secondary to calcium. Dr. Gostine cited no x-ray evidence documenting that Norton satisfies subsections one or two of § 1.05A. Further, the record contains numerous x-ray reports, not one of which reflects the required findings. As the objective medical evidence does not satisfy the requirements of § 1.05A, the argument is without merit.

Norton states that even if this court concludes that she does not satisfy a listed impairment, Dr. Gostine's statement that she is disabled because of pain establishes that she is disabled. Credibility determinations rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *see Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 857 (6th Cir.1990), and is not contradicted with substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of a treating physician where good reason is found in the record to do so. *See Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir.1988).

The ALJ stated that he considered Dr. Gostine's opinion that Norton was totally disabled. However, the ALJ noted that Dr. Gostine's opinion regarding Norton's inability to work was not consistent with the record as a whole. The ALJ stated that Dr. Gostine reported in May 1987 that Norton was significantly improved after receiving an epidural injection. As the ALJ rejected the opinion of Dr. Gostine that Norton was disabled because the opinion was not supported by the evidence, the ALJ did not commit reversible error.

As for Norton's remaining arguments, Norton failed to raise these issues in her objections to the magistrate judge's report. Therefore, these arguments have been waived. *See Thomas v. Arn*, 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Smith v. Detroit Fed. of Teachers, Local 231*, 829 F.2d 1370, 1374 (6th Cir.1987).

Accordingly, we affirm the district court's order.